## FRANCIS B. FOLGAR, Appellant, v. BENJAMIN B. BUCKELEW, Respondent.

The testimony offered in this case would have proved compliance with the contract on the part of the plaintiff, and premeditated design to evade it, on the part of the defendant.

The Court erred in refusing to let it go to the jury, and in ordering a nonsuit.

THIS was an appeal from the Fourth Judicial District.

The instrument on which the complaint in this case was founded, recites as follows:

"I hereby certify that if George B. Elkins pays to me cash, $2000, on the 20th May, and $5,500 on the 1st day of June, and executes two notes, bearing date the 1st day of June, and to fall due on the 15th and 31st of the same month, both being in amount $7,500, which amount to be equally divided in the notes, and is the remaining half of $15000, the whole purchase money, then I will execute to him a bond for my wharf property, bounded, &c. Unless the $2000 first above mentioned is paid at the time specified, I am no longer bound by this promise; and in case the second payment of $5,500 is not paid as above specified, the first amount of $2000 is forfeited, and this obligation is void. Above dates refer to 1851.

(Signed)       B. B. BUCKELEW."

"May 6th, 1851. We, the undersigned parties to the above agreement, do mutually consent to the name of Francis B. Folgar being substituted for that of George B. Elkins, and the agreement to be in all respects as though made originally with the said Francis B. Folgar, and to be in effect an original paper.

(Signed)       B. B. BUCKELEW.<br>G. B. ELKINS."

Judgment by default was entered against the defendant, which was set aside and a new trial granted. When the defendant for answer, averred that F. B. Folgar did not, on the 1st of June, pay, or tender, or offer to pay, the said sum of $5,500, nor offer

to make and deliver the promissory notes specified in the written instrument, &c. That he did not, on the 30th of May, or before the 2nd day of June last, by any act, &c., deprive himself of the power of fulfilling any stipulations, &c., in said agreement, and that if complainant had not failed to perform, &c., the defendant would have performed, &c., and was ready, &c., to perform his covenants, &c.

The plaintiff then stated to the Court, that he was prepared to prove on the trial, that he had paid to the defendant the $2,000 on the 22d May ; that the 31st day of June, on which the second payment was to have been made, fell on Sunday ; that on the Saturday preceding the plaintiff went to defendant's house, to perform what the contract required on that day, when the defendant pretended that there was a ridge of rocks beneath the water on a part of said land, which would unfit it for the plaintiff's purposes—the examination of which took up the day, but which proved untrue, and which was in fact a scheme got up by the defendant, to prevent the plaintiff from complying with this part of said contract ; that on Sunday, the 31st June, plaintiff offered payment of the $5,500, which was refused by defendant; that on Monday, the 2nd June, the plaintiff made a legal tender of that amount in gold, but defendant refused to receive it, on the ground that a *tender* had not been made on the 1st June, and that it was then too late ; and said that plaintiff need make him no more tenders, for that he would not let him have the land: that on the 20th May defendant had sold the land to one Cunningham, and had executed a deed to him for it, for the sum of $25,000, being $10,000 more than plaintiff was to have paid for it.

The Court, after argument, on motion of defendant's counsel, ordered judgment of nonsuit to be entered, on the ground that the facts, if proved as stated, would not entitle the plaintiff to recover ; to which order and judgment plaintiff excepted, and appealed.

*Gilman* and *Van Buren*, and *H. M.* and *H. McAllister*, for plaintiffs, argued :

That as the Court below non-suited the plaintiff without receiving the evidence offered, it must be taken to be true ; and if true,

then, in connection with the agreement laid in the complaint, plaintiff was entitled to recover. If it be necessary to a valid contract, that there be a concurrence of assent, it is not necessary that this concurrence should be simultaneous; as where a party makes a proposition to another for his acceptance within a given time: of which class of cases is the case at bar. Eleasor v. Henshaw, 4 Wheat. 225; Meecher v. Trott, 6 Wend. 113, et seq.; Addison on Contracts, 35, 36, 37, 38; Story on Contracts, §§ 382, 381: Festenengus v. Robinson, 44 Eng. C. L. R., 109; Adams v. Landell, 4 Eng. C. L. R. 323; Nuttall v. Grant, 4 Bing. 653; American Jurist, Octr. 1833, pp. 19, 13; Sugden on Vend. 137, § 30.

The contract sued on was not denied in defendant's answer, and plaintiff had a right to recover on that ground. Performance on Monday, where time fixed for payment falls on Sunday, is good. Chitty on Contracts, 731.

*A. T. Wilson*, for respondent, argued 1st: That the complaint filed would not warrant a judgment for plaintiff, and therefore it was useless to go to the jury. 2d. The contract set out had no mutuality; it was a mere offer by defendant, to which plaintiff never assented so as to bind him. Pothier on Contracts, 7, Art. 3; Story on Sales, 97, sects. 124 and 125; Comyn on Contr. 1 and 2; Story on Contr. sect. 1; Cooke v. Oxley, 3 D. & E. 653; Tucker v. Wood, 12 Johns. 190; Chitty on Contr. 15; Hutchinson v. Booker, Meeson & Welsby, 534; opinion of Parke Baron, p. 541; 5 East, 10; opinions of Ellenborough and Gross; Ellison v. Henshaw, 4 Wheat. 225; Utica and S. R. R. Co. v. Brinkenhoff, 21 Wend. 139; 9 Wend. 336; 1 Caines, 583; N. York Dig. 488, sects. 63 and 64; 12 John. Rep. 397; Saunders v. Wakefield, 4 B. & Ald., 3 Bing. 34; Addison, 34, 5, 6, 7.

3d. The so called contract was not even an offer; it was a mere expression of Buckelew's intention. He certifies that if Elkins will do, he will do, &c. But Elkins does not say that he will do the things, on the doing of which Buckelew declared that he would do certain other acts, or even give his assent to Buckelew's intention.

4th. The payment of $2000 does not make the contract obligatory on Buckelew. His promise was to execute a bond for his

wharf property for the sum of $15,000, and before this was obligatory on him, plaintiff must have been bound to pay that sum; and the payment of $2000 did not bind Folgar to pay the balance of $13,000, or any of it. It could not have been recovered of him, for he never promised to pay. The money paid was merely bailed to him, and could have been recovered back. If one offers to sell on certain terms, he can recant till the whole offer is accepted. Defendant's terms were payments at different times, and the execution of notes for the balance, until all were accepted, so that he could compel performance; he had himself a right to be off. Plaintiff never was bound to perform, and before he did perform, defendant was off, and he had a right to be, for there was no mutality.

5th. If Elkins might have sued on this so called contract, Folgar cannot. He was no party thereto; Buckelew and Elkins merely agree to substitute him for Elkins in the contract; the effect of which was only to enable the parties to make an agreement with Folgar, but till one of them contracted with Folgar to substitute his name, he can take no benefit by it.

6th. The so-called contract is void within the Statute of Frauds, 1 Vol., Stat. of California, 267. § 8. There is no contract in writing, nor any note or memorandum in writing, of any contract; there is merely a written promise by defendant binding by reason of a parol acceptance of $2000, parcel of the $15,000, for a parol promise on one side, and a written one on the other, does not satisfy the statute. The *contract*, which means the promises on both sides, must be in writing. Waine *v.* Warlters, 5 East, 10; Parkhurst *v.* Von Courtland, 1 Johns. Chan. Rep. 273; 1 Mod. Chan. Rep. 13.

*McAllister*, for appellants, in reply, after examining the cases cited by the appellee, argued further that the defendant, by recovering the $2000 from plaintiff on 22d May, under the agreement, is now *estopped* from denying its validity. Pickard *v.* Lewis, 6 H. & E. 475; cited 2 Smith's L. Cases, 511; 2 Barb. Sup. Ct. R. 341. And in answer to the objection, that Folgar cannot maintain the action, see Practice Act, which provides that the real party in interest should bring the action, and 2 Code Reporter, 45, 64, 4 Practice.

The opinion of the Court was delivered by

ANDERSON, Justice.—The complainant in this case alleges that Benjamin R. Buckelew made a contract with George B. Elkins, on the 16th of May, 1851, to sell and convey to him a certain lot of land in the city of San Francisco, and the hull of a certain store ship theron, including tackle, &c.

The condition of this agreement to convey was, that Elkins should pay the sum of $2000 on the 20th of May, 1851, $5,500 on the 1st of June, and to execute two promissory notes, each for the sum of $3,500, payable, respectively, on the 15th and 31st days of June, (1851.) On the 22d day of May, (1851,) Elkins and Buckelew agreed with Folger, that he should become the purchaser of the property in the place of Elkins, upon the payment of $2000 on that day, as upon the terms of the first agreement, fixing at the time the dates at which the payments should be made.

The second agreement was in the nature of a substitute for the first, and renewed it in the name of Folger, and was signed by all the parties, and was obligatory. Buckelew received the $2000. The day fixed for the payment of the next sum of $5,500, and the execution of other parts of the contract, fell on Sunday. The day preceding that, Folger went to the house of Buckelew to fulfil his part of the contract. The defendant then alleged that he had discovered a ledge of rocks on the land, which made it unfit for the purpose of the plaintiff, who was induced thereby to procure a survey to be made to ascertain the fact. This occupied the day. The survey showed the statement of the defendant to be a mistake. The next day, Sunday, the 1st of June, fixed in the contract for the payment for the $5,500, the plaintiff offered to pay the defendant the money, which he refused to receive. On the 2d of June, he made also a tender of the money, which was likewise refused, because it was not the 1st day of June.

It was also offered to be proved by the plaintiff, that on the 30th of May, the defendant sold the same property for $25,000 to Cunningham, and made a deed therefor. At the trial of this cause, on motion of the counsel for defendant, the Court below refused to permit this testimony to go to the jury, and ordered a nonsuit to be entered against the plaintiff, on the ground, that if

the facts were proved, as stated in the record, they would not entitle the plaintiff to recover—and judgment was entered accordingly.

To this the counsel for the plaintiff excepted, and the case was stated at length, as recited, and signed by the judge.

The testimony would have proved compliance with the contract, in good faith on the part of the plaintiff, and premeditated design to evade the contract on the part of the defendant. The law required that the testimony in the case should have been permitted to go to the jury, and no nonsuit ought to have been ordered.

The Court erred in refusing to let the testimony go to the jury, and in ordering a nonsuit to be entered. This Court, however, will forbear to remark further upon this case, as it is to be re-tried.

> Let the non-suit be set aside, and the judgment below reversed, with costs against the defendant Buckelew ; and the cause remanded for trial.